IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Niquitta Legree, | ) | C/A No. 3:19-cv-00871-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Hammett Clinic, LLC d/b/a The Hammett | ) | |
| Clinic; David Hammett; Avra Hammett; | ) | |
| Physician Services of South Carolina, | ) | |
| LLC d/b/a Physician Services USA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the August 29, 2019 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). For the reasons outlined herein, this court adopts the Report in its entirety.

## BACKGROUND

This is an employment discrimination case asserted by Plaintiff Niquitta Legree ("Plaintiff") against Hammett Clinic, LLC d/b/a The Hammett Clinic, David Hammett, and Avra Hammett (together "Hammett Clinic Defendants"), and Physician Services of South Carolina, LLC d/b/a Physician Services USA. Plaintiff alleges she suffered damages as a result of being reassigned and subsequently terminated from employment. She asserts two claims: (1) race discrimination in violation of 42 U.S.C. § 1981 and (2) civil conspiracy. [ECF No. 1-1.]

In response to the complaint, the Hammett Clinic Defendants filed a motion to dismiss for failure to state a claim, ECF No. 7, and an answer, asserting two counterclaims: (1) breach of fiduciary duty and (2) negligence/gross negligence. [ECF No. 8.] In the motion to dismiss, the

1

Hammett Clinic Defendants seek dismissal of the civil conspiracy claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not file a response.

Plaintiff thereafter filed a motion to dismiss the Hammett Clinic Defendants' counterclaims. [ECF No. 12.] The Hammett Clinic Defendants filed a response in opposition, ECF No. 15, and Plaintiff filed a reply, ECF No. 17.

On August 29, 2019, the Magistrate Judge issued the Report that is the subject of this order. In the Report, the Magistrate Judge recommends granting the Hammett Clinic Defendants' motion to dismiss the civil conspiracy claim[1] and granting Plaintiff's motion to dismiss the counterclaims. [ECF No. 22.] On September 12, 2019, the Hammett Clinic Defendants filed objections to the Report and, in the alternative, petitioned for the issuance of a certification order. [ECF No. 24.] Plaintiff filed a reply to the objections and petition on October 3, 2019, ECF No. 26, and the Hammett Clinic Defendants filed a reply in response to the Plaintiff's opposition to the petition for certified question on October 4, 2019, ECF No. 29. The matter, including the request for a certification order, is now ripe for consideration by this court.

**STANDARDS OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the

---

[1] The Report recommends granting the Hammett Clinic Defendants' motion to dismiss as unopposed. Neither party objects to this recommendation and, having found no clear error, the court hereby adopts the recommendation and dismisses Plaintiff's civil conspiracy claim.

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Further, to survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To be sure, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mt. Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

## DISCUSSION

The Hammett Clinic Defendants' objections surround whether the Report properly concluded that Plaintiff did not owe the Hammett Clinic Defendants a fiduciary or other duty of care as a matter of law under the facts alleged in the counterclaims. Accordingly, a review of the allegations is instructive.

The Hammett Clinic Defendants allege that Plaintiff was employed by the Hammett Clinic, LLC from June 21, 2016, until her termination on January 21, 2019. [ECF No. 8. Ans. & Countercl. at ¶¶ 61–62.] "Plaintiff's employment status with Hammett Clinic, LLC was at-will." *Id.* at ¶ 63. According to the Hammett Clinic Defendants, as an at-will employee, Plaintiff owed the following duties: (1) "a duty to remain faithful to Hammett Clinic, LLC's interest through her term of employment;" (2) "a duty of fidelity to Hammett Clinic, LLC;" and (3) "an implicit duty

3

of loyalty to carry out Hammett Clinic, LLC's instructions and policies." *Id.* at ¶ 64. The Hammett Clinic Defendants allege that "Plaintiff breached her fiduciary duties in failing to obtain pre-authorizations from payment sources for the treatments provided by Dr. Hammett and Hammett Clinic, LLC to patients." *Id.* at ¶ 69. And, as the alleged result of the breach, the Hammett Clinic Defendants allege "substantial financial losses." *Id.* at ¶ 71.

After a review of the allegations and case law, the Report concludes that the facts do not give rise to a cause of action for breach of fiduciary duty or the existence of a duty of care to support a claim for negligence. Thus, the Report recommends dismissal of both counterclaims. The Hammett Clinic Defendants assert two objections, both of which are addressed in turn below.

**1. Objection 1: Construction of South Carolina Law on Fiduciary Duties and Recommendation to Dismiss Breach of Fiduciary Duty Cause of Action.**

The crux of the Hammett Clinic Defendants' first objection is their contention that South Carolina law recognizes an employee's duty to undertake work in a diligent and reasonably skillful manner. [ECF No. 24 at pp.4–7.] The Hammett Clinic Defendants claim the "Report is erroneously influenced by . . . two unpublished orders" and it "overlooks South Carolina's long-established recognition that, within the master-servant relationship, an employee owes her employer a fiduciary duty." *Id.* at p.4. The court, however, agrees with the Report's analysis that dismissal of the breach of fiduciary duty claim is appropriate.[2]

First, the Report references Plaintiff's reliance on the two unpublished opinions; it does not base its recommendation on them. The analysis of the issue, in contrast, is based on South Carolina courts' limited recognition of a tort cause of action for breach of the duty of loyalty in the

---

[2] The parties do not dispute that the question of the existence of a fiduciary duty or fiduciary relationship is one of law for the court and, therefore, appropriate to consider at the Rule 12(b)(6) stage. *See Clearwater Trust v. Bunting*, 626 S.E.2d 334, 337 (S.C. 2006).

employment context. [ECF No. 22 at pp.5–6.] In South Carolina, "[a]n employee has a duty of fidelity to his employer apart from the question of whether he has an obligation to maintain the employer's processes and system of operation in confidence." *Lowndes Prods., Inc. v. Brower*, 191 S.E.2d 761, 767 (S.C. 1972). "At the same time, the employee has a duty not to do disloyal acts looking to future competition." *Id.*

South Carolina courts have, in limited cases, "recognized a tort action for breach of the duty of loyalty" in the employment context. *See Foreign Academic & Cultural Exchange Servs.*, *Inc. v. Tripon*, 715 S.E.2d 331, 335 (S.C. 2011) (relying on *Lowndes*; noting the court expressed "no opinion as to the viability of the breach of the duty of loyalty claim as one independent of the breach of contract action"); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 515 (4th Cir. 1999) (noting "employee disloyalty issues are usually dealt with in the context of the employment contract: unfaithful employees are simply discharged, disciplined, or reprimanded"). The Fourth Circuit Court of Appeals in the *Food Lion* decision outlined the three instances in which "disloyal conduct by an employee has been considered tortious in North and South Carolina." 194 F.3d at 515. They include: (1) "when an employee competes directly with her employer"; (2) "when the employee misappropriates her employer's profits, property, or business opportunities"; and (3) "when the employee breaches her employer's confidences." *Id.* at 515–16. Notably for purposes of this case, however, South Carolina courts have not recognized a *cause of action*—tort, contract, or otherwise—in relation to any other alleged duty owed by an employee to an employer. The cases relied upon by the Hammett Clinic Defendants bolster this point.

In *Young v. McKelvey*, 333 S.E.2d 566 (S.C. 1985), the court was presented with a breach of contract cause of action by an employee against his former employer; no other cause of action was asserted. There, the employee had a written contract of employment that included the method of

5

compensation and insurance benefits, but was silent as to all other terms, including termination. The issue was whether there was a genuine dispute of material fact over whether the employer properly terminated the employee for cause, given the silence on the issue of termination in the employment contract.

The South Carolina Supreme Court recognized that the "nature of an employment contract is such that the employee promises, either expressly or by implication that he or she will perform the work in a diligent and reasonably skillful manner." *Id.* at 567. The court also recognized that an "employee has a duty to abide by his employer's instructions and policies and owes a duty of loyalty to his employer to carry out those instructions and policies." *Id.* In analyzing the question of whether employment was terminated for cause, the court also looked to *Berry v. Goodyear*, 242 S.E.2d 551 (S.C. 1978)—another case relied upon by the Hammett Clinic Defendants. It quoted *Berry* as follows:

> It is implicit in any contract for employment that the employee shall remain faithful to the employer's interest throughout the term of employment. An employee has a duty of fidelity to his employer. *Where an employee acts adversely to the interest of the employer*, he is disloyal and his *discharge is justified*.

*Id.* (citing *Berry*, 242 S.E.2d at 552 (internal citations omitted; emphasis added)).

In light of the implicit duties existing in every employment contract, the court held that "the evidence presented created a question of fact whether there was a material breach of contract which would *justify dismissal* of the employee." *Id.* at 568 (emphasis added); *see also id.* at 567–68 ("As indicated above from the *Berry* case, certain matters are impliedly a part of every contract. Under the facts of this case, we think there was a jury issue as to whether there was or was not discharge for cause."). Thus, *Young* and *Berry* may support a *defense* to termination of an employment contract that is silent on the issue, but they do not set forth any basis to support this court finding

6

that an independent cause of action exists for breach of fiduciary duty under the facts alleged by the Hammett Clinic Defendants.

In sum, the Report does not "commit[] the fallacy of composition," as suggested by the Hammett Clinic Defendants. [ECF No. 24 at p.6.] The Hammett Clinic Defendants have not presented the court with a single South Carolina case recognizing an independent cause of action by an employer against an employee for breach of any duty other than the duty of loyalty. Further, the Hammett Clinic Defendants have not identified any caselaw recognizing a fiduciary relationship solely based on an at-will or contractual employment relationship. As the above review of the relevant case law makes clear, allegations related to the duty to abide by his employer's instructions and policies alone are insufficient to give rise to a cause of action under South Carolina law. Because the Hammett Clinic Defendants fail to sufficiently allege a fiduciary relationship or breach of any fiduciary duties recognized by South Carolina law, the breach of fiduciary duty claim fails as a matter of law.[3] The court holds that dismissal is appropriate.

**2. Objection 2: South Carolina Law on Existence of a Duty of Care to Support Negligence Cause of Action.**

The Hammett Clinic Defendants' second objection relates to the Report's recommendation that this court dismiss the negligence/gross negligence counterclaim for lack of a duty of care.

---

[3] The Hammett Clinic Defendants also object to the Report's "passing statement" that "Plaintiff in the present case is more akin to a "rank-and-file" employee. [ECF No. 24 at p.7; ECF No. 22 at p.6.] Considering the Report in its entirety, the court finds that the Report does not base its conclusion on this one sentence. In the relevant portion of the Report, the Magistrate Judge considers the cases cited by the Hammett Clinic Defendants, compares them to the scenarios addressed in *Food Lion*, and distinguishes each from the facts alleged by the Hammett Clinic Defendants. The sentence at issue relates to the Report's consideration of *Lowndes*. Notably, the Report states that *Lowndes* involved departing employees who formed a business to complete with their former employer, meaning it is a duty of loyalty case. Accordingly, the court finds that the recommendation was not based on any purported "finding" that the Plaintiff is a rank-and-file employee.

According to the Hammett Clinic Defendants, the "special relationship" between them and the Plaintiff alone, *i.e.*, employment at-will, is sufficient to support the existence of a duty of care. The court disagrees.

"An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence." *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78, 86 (S.C. 1998). The question of whether a duty of care exists under the facts alleged is one of law for the court. *See, e.g., Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 520 S.E.2d 142, 149 (S.C. 1999) ("The court must determine, as a matter of law, whether the law recognizes a particular duty."); *Washington v. Lexington Cnty. Jail*, 523 S.E.2d 204, 206 (S.C. Ct. App. 1999) ("The existence of a duty owed is a question of law for the courts."); *Cummins Atlantic, Inc. v. Sonny's Camp-N-Travel Mart, Inc.*, 481 F. Supp. 2d 531, 535 (D.S.C. 2007) ("The issue of whether a duty arises is a question of law for the court.").

Much like the arguments made in relation to the breach of fiduciary duty cause of action, the Hammett Clinic Defendants contend that the employer-employee relationship supports a finding that a duty of care exists between the parties. The Hammett Clinic Defendants want the court to find that the at-will employment relationship is itself a "special relationship" "<u>not</u> arising in contract" that "support[s] the existence of a duty of care and [their] action for negligence." [ECF No. 24 at pp.7–8 (citing *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 463 S.E.2d 85, 88 (S.C. 1995) ("When, however, there is a special relationship between the alleged tortfeasor and the injured party *not arising in contract*, the breach of that duty of care will support a tort action." (emphasis added)).] Under South Carolina law, however, the "employer-employee relationship is contractual." *White v. Roche Biomedical Labs.*, *Inc.*, 807 F. Supp. 1212, 1330 (D.S.C. 1992), *aff'd*, 998 F.2d 1011 (4th Cir. 1993). Generally speaking, "[a]n employment

8

contract may be either for a stated term or at will." *Young*, 333 S.E.2d at 568 (citation omitted; emphasis added). Accordingly, the at-will nature of Plaintiff's employment does not in and of itself transform the relationship from contractual to "special." The court is unable to find any error in the Report's conclusion on this point.

Next, the Hammett Clinic Defendants claim the Report erred in concluding that they failed to point to any case law holding that an employee owes a duty of care to his employer to perform his job duties well. They cite *Lyles v. McFie*, 26 S.C.L. 21, 24 (S.C. App. L. 1840). Specifically, the Hammett Clinic Defendants point to the portion of the opinion stating that "'[e]very person,' who 'undertakes . . . employment, impliedly contracts with those who entrust or employ him, to perform his undertaking with skill, diligence, and integrity." *Id.* at 24 (internal citation omitted). As recognized in the Report, however, the *Lyles* opinion involved assumpsit. *See id.* (noting the "employer may maintain assumpsit for any injury which he has sustained"). Assumpsit is a common law remedy by which a party could recover damages for the nonperformance of an express or implied contract. *See id.* ("In either character, his own acts indicate a contract, express or implied, with the owners of the cotton. And assumpsit is a proper and legal form of action, in all such cases."). It is not an action for negligence. *See Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 463 S.E.2d 85, 88 (S.C. 1995) ("In most instances, a negligence action will not lie when the parties are in privity of contract."). The Report was correct to conclude that *Lyles* does not support the Hammett Clinic Defendants' contention that an at-will employee owes a duty of care to his employer to perform his job duties well.

The more recent decisions in *Young* and *Nucor* do not change this result. *Young* is outlined at length above, but suffice it to say that it specifically addressed whether a breach of the duty of loyalty allowed an employer to terminate an employee for cause, not whether a cause of action in

negligence exists when an employee allegedly fails to follow the instructions of her employer. 333 S.E.2d at 567–68. And, in *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 727 n.9 (D.S.C. 2007), the district court merely recited language from *Young*—that "[a]n employee has a duty to abide by his employer's instructions and policies and owes an implicit duty of loyalty to his employer to carry out those instructions and policies"—in holding that it is the breach of the duty of loyalty that is actionable in tort in South Carolina.

And, finally, *Cavanaugh v. W. Maryland Ry. Co.*, 729 F.2d 289 (4th Cir. 1984) has no bearing on the facts as alleged by the Hammett Clinic Defendants. *Cavanaugh* merely reiterates "a well[-]accepted common law principles that a master or employer has a right of action against his employee *for property damages* suffered by him 'arising out of ordinary acts of negligence committed within the scope of [his] employment' by the offending employee." *Id.* at 290 (citation omitted; emphasis added). The Hammett Clinic Defendants do not allege any "property damage" in their counterclaim for negligence.

**3. Request to certify question to South Carolina Supreme Court.**

In conjunction with the objections, and as an alternative argument, the Hammett Clinic Defendants also petition this court to certify a question to the South Carolina Supreme Court. The court finds that certification is not necessary. The Fourth Circuit Court of Appeals has held that "where there is no case law from the forum state which is directly on point, the district court [must] attempt[] to do as the state court would do if confronted with the same fact pattern." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994). "Only if the available state law is clearly insufficient should the court certify the issue to the state court." *Id.*

The answer to the issue in this case is reached by analyzing all of the above-mentioned cases. Stated simply, a review of the relevant caselaw evidences that South Carolina courts have not

recognized a fiduciary relationship between an employee and an employer based on an at-will or contractual employment relationship. And similarly, South Carolina courts have not set forth an actionable duty of care in negligence in this context. Accordingly, this court will "take care not to burden [its] state counterparts with [an] unnecessary certification request[]." *Boyter v. Comm'r of Internal Rev. Serv.*, 668 F.2d 1382, 1385 n.5 (4th Cir. 1981).

## CONCLUSION

After considering the record in this case, the applicable law, the Report, the Hammett Clinic Defendants' objections, and Plaintiff's response, the court finds that the Report applied sound legal principles to this case. The court, therefore, **ADOPTS** the Report in its entirety and incorporates it herein by reference. Accordingly, the Hammett Clinic Defendants' Motion to Dismiss the civil conspiracy claim is **GRANTED** as unopposed [ECF No. 7], Plaintiff's Motion to Dismiss the breach of fiduciary duty and negligence/gross negligence counterclaims is **GRANTED** [ECF No. 12], and the Hammett Clinic Defendants' petition for a certification order is **DENIED** [ECF No. 24].

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

March 18, 2020
Florence, South Carolina